IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01737-GPG

ERNIE JERMAINE SAVANNAH,

    Applicant,

v.

EXECUTIVE DIRECTOR, DEPARTMENT OF CORRECTIONS, WARDEN, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

    Applicant, Ernie Jermaine Savannah, is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Savannah initiated this action by filing *pro se* a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1).  On August 26, 2015, he filed on the proper form an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 5).  Mr. Savannah indicates he is challenging the validity of his conviction and sentence in Larimer County District Court case number 11CR1163.

    The court must construe the amended application liberally because Mr. Savannah is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. Savannah will be ordered to file a second amended application that clarifies his federal constitutional claims challenging the validity of his conviction and sentence.

The amended application is deficient. First, the law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Mr. Savannah alleges that he currently is incarcerated at the Sterling Correctional Facility. Therefore, the proper Respondent is his custodian at that facility.

The amended application also is deficient because Mr. Savannah does not provide a clear statement of each claim he is asserting that demonstrates his federal constitutional rights have been violated. Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Savannah asserts eight claims for relief. He contends in his first claim that he was not appointed counsel at his arraignment in violation of the Sixth Amendment and that he was denied a preliminary hearing in violation of due process. He contends in his second claim that he was denied due process because the trial court lacked jurisdiction after the prosecution amended the charges without a new arraignment. Mr. Savannah maintains in his third claim that he should have been charged with a lesser offense and he maintains in his fourth claim that he should not have been subjected to an extraordinary risk crime sentencing stipulation that was not charged as a separate count. Mr. Savannah does not identify either claim three or claim four as a federal constitutional claim. In claim five he challenges the computation of his parole eligibility date by the Colorado Department of Corrections, a claim that must be raised in a

separate habeas corpus action pursuant to 28 U.S.C. § 2241 rather than in the instant action pursuant to § 2254.  *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). He contends in claim six that he did not receive a proper Rule 11 advisement prior to pleading guilty and that he was subjected to double jeopardy when restitution was imposed a year after his original sentencing.  Mr. Savannah does not identify the inadequate Rule 11 advisement portion of claim six as a federal constitutional claim. He contends in claim seven that counsel was ineffective.  Finally, he contends in claim eight that he was sentenced without a presentence investigation report and that he was not ordered to pay restitution for more than a year after sentencing.  Mr. Savannah does not identify any portion of claim eight as a federal constitutional claim.

Mr. Savannah is advised that habeas corpus relief is warranted only if he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Savannah must identify the specific federal constitutional right allegedly violated in each claim he is asserting and he must provide specific factual allegations in support of each asserted claim.  These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per

curiam).  Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Savannah file a second amended application that provides a clear statement of the federal constitutional claims he is asserting.  It is

FURTHER ORDERED that Mr. Savannah shall obtain the appropriate, court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Savannah fails within the time allowed to file a second amended application that complies with this order, the action will be dismissed without further notice.

DATED September 1, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge