IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01737-GPG

ERNIE JERMAINE SAVANNAH,

Applicant,

v.

JOHN CHAPDELAINE, Warden of Sterling Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Ernie Jermaine Savannah, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Savannah initiated this action by filing *pro se* a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1). On August 26, 2015, Mr. Savannah filed an amended pleading on the proper form (ECF No. 5). On September 17, 2015, Mr. Savannah filed a second amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 12). Mr. Savannah is challenging the validity of his conviction and sentence in Larimer County District Court case number 11CR1163.

On October 2, 2015, Magistrate Judge Gordon P. Gallagher ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this

action. On October 21, 2015, Respondents filed their Pre-Answer Response (ECF No. 19) arguing that Mr. Savannah's claims are unexhausted and procedurally barred. Mr. Savannah has not filed a reply to the Pre-Answer Response despite being given an opportunity to do so.

The Court must construe the second amended application liberally because Mr. Savannah is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Savannah agreed to plead guilty to an added count of aggravated robbery and the district court imposed the stipulated sentence of twelve years in prison plus five years of mandatory parole. (*See* ECF No. 19-2.) The judgment of conviction was entered on December 23, 2011. (*See id.* at 9.) Mr. Savannah did not file a direct appeal.

On April 19, 2012, Mr. Savannah filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure claiming he was denied equal protection because a white defendant who pleaded guilty to aggravated robbery in a different case received a shorter sentence. (*See* ECF No. 19-3 at 1-2.) On April 25, 2012, the trial court denied the Rule 35(c) motion. (*See id.* at 3-4.)

On October 25, 2012, Mr. Savannah filed in the trial court a postconviction motion pursuant to Rule 35(a) of the Colorado Rules of Criminal Procedure claiming his sentence was illegal because he was not advised the mandatory parole term would be served in addition to the prison term. (*See* ECF No. 19-4 at 1-7.) On November 2, 2012, the trial

court denied the Rule 35(a) motion. (*See id.* at 8-9.) On December 5, 2013, the Colorado Court of Appeals affirmed the trial court's order. (*See id.* at 10-16.) The Colorado Court of Appeals specifically: (1) declined to address Mr. Savannah's arguments challenging the sentencing range and his aggravated sentence because those arguments were raised for the first time on appeal; (2) determined Mr. Savannah's argument challenging the adequacy of the advisement with respect to mandatory parole properly was raised pursuant to Rule 35(c) rather than 35(a); (3) concluded the district court properly denied the motion without a hearing because Mr. Savannah's arguments, which could have been raised them in the April 2012 postconviction Rule 35(c) motion, were successive; and (4) determined in the alternative that Mr. Savannah properly was advised the mandatory parole term was in addition to the prison term. (*See id.*) On October 14, 2014, the Colorado Supreme Court denied Mr. Savannah's petition for writ of certiorari. (*See id.* at 17.)

On May 22, 2014, Mr. Savannah filed in the Logan County, Colorado, District Court a petition for writ of habeas corpus asserting the following claims: (1) the trial court lacked jurisdiction because the charging information was defective; (2) the trial court lacked jurisdiction because the prosecution did not obtain an indictment; (3) there was insufficient evidence to support a conviction for aggravated robbery because he was not armed with a deadly weapon; (4) the extraordinary risk sentencing provision is not applicable because he was not charged with or convicted of a crime of violence; (5) his parole eligibility date as calculated by the Colorado Department of Corrections is incorrect; (6) he was not advised adequately regarding the consequences of pleading guilty with respect to crime of violence and extraordinary risk sentencing enhancements;

and (7) counsel was ineffective. (*See* ECF No. 19-5 at 1-11.) On May 29, 2014, the Logan County District Court denied the petition because Mr. Savannah's claims were not properly raised in a habeas corpus action and could have been raised either on direct appeal or in the prior postconviction proceedings. (*See id.* at 14-16.) On June 9, 2014, after the habeas petition already had been denied, Mr. Savannah filed a supplement raising an eighth claim contending the trial court erred by imposing sentence without obtaining a presentence investigation report. (*See* ECF No. 19-5 at 12-13.) On May 4, 2015, the Colorado Supreme Court affirmed the Logan County District Court's order denying habeas corpus relief. (*See id.* at 17.)

Mr. Savannah initiated this action on August 12, 2015. He specifically claims in the second amended application that his constitutional rights were violated because: (1)(a) counsel was not appointed to represent him at his arraignment and (b) he was entitled to a preliminary hearing; (2) the trial court lacked jurisdiction after the charges against him improperly were amended; (3)(a) he was not advised adequately regarding the consequences of pleading guilty with respect to crime of violence and extraordinary risk sentencing enhancements and (b) the trial court retaliated against him by entering a restitution order after Mr. Savannah requested a sentence reduction; and (4) the trial court (a) imposed sentence without obtaining a presentence investigation report and (b) entered a restitution order one year after Mr. Savannah's original sentencing.

## II. ONE-YEAR LIMITATION PERIOD

Respondents do not argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

## III. EXHAUSTION OF STATE REMEDIES AND PROCEDURAL DEFAULT

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution." *Picard*, 404 U.S. at 278 (internal quotation marks omitted). However, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citation omitted). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398

(10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

Respondents contend that Mr. Savannah has failed to exhaust state remedies for each of his claims in the second amended application. In particular, Respondents contend that Mr. Savannah has not raised any part of claims 1 and 4 in the state court postconviction proceedings. With respect to claims 2 and 3 in the second amended application, Respondents concede that Mr. Savannah raised similar claims in the state habeas petition he filed in May 2014. However, Respondents contend that claims 2 and 3 are not exhausted because Mr. Savannah did not raise those claims as federal constitutional claims in the state habeas petition and because the Logan County District Court rejected the claims on the basis of an independent and adequate state procedural bar.

The Court has reviewed Mr. Savannah's postconviction motions and the state habeas petition and agrees with Respondents that Mr. Savannah did not raise either part of claim 1 or claim 4(b) in those proceedings. Similarly, Mr. Savannah also did not raise claim 3(b) in any of the state court postconviction proceedings. Therefore, claims 1(a), 1(b), 3(b), and 4(b) have not been fairly presented to the state courts and are not exhausted.

Contrary to Respondents' assertion, Mr. Savannah did raise claim 4(a) in his supplement to the state habeas petition that was filed on June 9, 2014. (*See* ECF No.

19-5 at 12-13.) However, Mr. Savannah did not fairly present claim 4(a) to the state courts because he filed the supplement after the state habeas petition already had been denied on May 29, 2014. (*See id.* at 14-16.) Therefore, claim 4(a) also is not exhausted.

With respect to Mr. Savannah's two other claims, claims 2 and 3(a) in the second amended application, Mr. Savannah raised similar claims in his state habeas petition but he raised those claims only as state law claims and not as federal constitutional violations. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66. Thus,

> [a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim federal.

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Mr. Savannah did not label claims 2 and 3(a) as federal claims in his state habeas petition. (*See* ECF No. 19-5 at 4-5, 8.) Furthermore, even if the state habeas petition could be construed as having raised claims 2 and 3(a) as federal constitutional claims, Respondents are correct that the claims were not fairly presented to the state courts because the state habeas court rejected those claims on an independent and adequate state procedural ground. More specifically, the state habeas court determined the claims were not properly raised in a habeas corpus petition because they could have been raised on direct appeal or in the initial

postconviction Rule 35(c) motion. (*See* ECF No. 19-5 at 14-16.) Therefore, claims 2 and 3(a) also were not fairly presented to the state courts.

Although Mr. Savannah fails to demonstrate he has fairly presented any of his federal constitutional claims to the state courts, the Court may not dismiss this action for failure to exhaust state remedies if Mr. Savannah no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. Respondents contend, and the Court agrees, that Mr. Savannah no longer has an adequate and effective state remedy available to him and that the unexhausted claims are procedurally defaulted because Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure provides, with limited exceptions not applicable to Mr. Savannah, that the state courts must dismiss any claim that could have been presented in a prior appeal or postconviction proceeding. In addition, any attempt by Mr. Savannah to file another postconviction Rule 35(c) motion in state court would be untimely. *See* Colo. Rev. Stat. § 16-5-402 (providing that a defendant convicted of felony other than a class 1 felony has three years to seek relief under Rule 35(c) unless he establishes good cause). Thus, it is clear that Mr. Savannah may not return to state court to pursue his unexhausted claims.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Even if an unexhausted claim has not actually been raised and rejected by the state courts, the claim still is subject to an anticipatory procedural default if it is clear that the claim would

be rejected because of an independent and adequate state procedural rule.  *See Coleman*, 501 U.S. at 735 n.1.  Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns.  *See id.* at 730.  Mr. Savannah's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision."  *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998).  A state procedural ground is adequate if it "was firmly established and regularly followed."  *Beard v. Kindler*, 558 U.S. 53, 60 (2009) (internal quotation marks omitted).

Mr. Savannah fails to demonstrate that Rules 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure and Colo. Rev. Stat. § 16-5-402 are not independent and adequate.  In any event, the Court finds that Rules 35(c)(3)(VII) is independent because it relies on state rather than federal law.  The rule also is adequate because it is firmly established and regularly followed by Colorado courts.  *See, e.g., People v. Vondra*, 240 P.3d 493, 494-95 (Colo. App. 2010) (applying Crim. P. Rules 35(c)(3)(VI) and (VII) to reject claims that were or could have been raised in a prior proceeding); *see also LeBere v. Abbott*, 732 F.3d 1224, 1233 n.13 (10th Cir. 2013) (noting that several unpublished cases have indicated Colorado's rule barring claims that could have been raised previously is an independent and adequate state ground precluding federal habeas review).  Colorado's statute of limitations for collateral attacks also is an independent

and adequate state procedural ground. *See Klein v. Neal*, 45 F.3d 1395, 1398 (10th Cir. 1995).

Therefore, the unexhausted claims are procedurally defaulted and cannot be considered unless Mr. Savannah demonstrates either cause and prejudice or a fundamental miscarriage of justice. To demonstrate cause for his procedural default Mr. Savannah must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). If Mr. Savannah can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

Mr. Savannah makes no attempt to demonstrate cause and prejudice for his procedural default or that a failure to consider the merits of any of his claims will result in a fundamental miscarriage of justice. Therefore, the unexhausted claims are procedurally barred and also will be dismissed for that reason.

## IV. CONCLUSION

In summary, Mr. Savannah fails to demonstrate he has exhausted state remedies for any of his claims in the second amended application and those claims now are

procedurally barred and must be dismissed. The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the second amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 12) is denied and the action is dismissed for the reasons stated in this order. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this 24th day of November, 2015.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court